UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMAND AVERY, individually and on behalf of J.A., a minor child,<br><br>          Plaintiffs,<br><br>    v.<br><br>CITY OF SEATTLE and SEVERAL UNKNOWN OFFICERS,<br><br>          Defendants. | CASE NO. 2:22-cv-00560-LK<br><br>ORDER APPOINTING GUARDIAN AD LITEM |

This matter comes before the Court on the unopposed Petition for Guardian ad Litem for Minor filed by Jesse Valdez of Valdez Lehman, PLLC, counsel for Plaintiff Armand Avery individually and on behalf of his minor child J.A. Dkt. No. 77. The Petition seeks the appointment of a settlement guardian ad litem for J.A. *Id.* For the reasons set forth below, the petition is GRANTED.

## I.    BACKGROUND

Plaintiffs filed suit on April 26, 2022, seeking redress for alleged harm resulting from an incident with Seattle police officers during a racial justice protest in May 2020. *See generally* Dkt.

ORDER APPOINTING GUARDIAN AD LITEM - 1

No. 1. The Court granted in part and denied in part the City's motion for summary judgment. Dkt. No. 46. Prior to trial, the parties notified the Court that they had settled in principle. Dkt. No. 71. Plaintiffs filed a motion to appoint Mr. Brandon Feldman as settlement guardian ad litem on J.A.'s behalf, pursuant to Federal Rule of Civil Procedure 17(c) and Local Civil Rule 17(c). Dkt. No. 77. The Court ordered Plaintiffs to supplement the motion with additional information regarding Mr. Feldman's qualifications, and they did so. Dkt. Nos. 79, 80–81. The City indicated it does not oppose Mr. Feldman's appointment. Dkt. No. 78.

## II.    DISCUSSION

### A.    Legal Standard

"The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P.17(c)(2). Therefore, under Rule 17, district courts have a "special duty" to "safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." (citation modified)).

Local Civil Rule 17(c) requires that the court appoint an independent guardian ad litem who is an attorney-at-law in any case involving court approval of a settlement involving the claim of a minor or incompetent. The guardian ad litem is obligated to "investigate the adequacy of the offered settlement and report thereon." LCR 17(c). The court may, however, dispense with the

ORDER APPOINTING GUARDIAN AD LITEM - 2

appointment of the guardian ad litem "if a general guardian has been previously appointed for such minor or incompetent, or if the court affirmatively finds that the minor or incompetent is represented by independent counsel." *Id.*

Generally, the role of the guardian ad litem in a federal lawsuit is to protect the interests of the minor. Fed. R. Civ. P. 17(c). A district court "maintains a continuing obligation to supervise the guardian ad litem's work." *Neilson v. Colgate–Palmolive Co.*, 199 F.3d 642, 652 (2d Cir. 1999) (citing *Dacanay*, 573 F.2d at 1079; *Noe v. True*, 507 F.2d 9, 12 (6th Cir. 1974)). Thus, a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem. *Salmeron*, 724 F.2d at 1363.

The district court may remove the guardian ad litem at any time. *Hull by Hull v. United States*, 53 F.3d 1125, 1127 n.1 (10th Cir. 1995) (noting that parties seeking to challenge the decisions of a guardian ad litem have a remedy of applying to the court to have the guardian ad litem removed or to have another guardian ad litem appointed).

**B.    Analysis**

Plaintiffs request the appointment of Mr. Brandon Feldman as settlement guardian ad litem for J.A., a minor child. Having reviewed the petition and the supporting filings, Dkt. Nos. 77, 80–81, the Court finds that J.A. does not currently have a guardian who meets the requirements of Federal Rule of Civil Procedure 17 and Local Civil Rule 17(c), and that appointing a settlement guardian ad litem is in J.A.'s best interest. The Court further finds that Mr. Feldman has the appropriate expertise and background to serve as settlement guardian ad litem for J.A. *See* Dkt. Nos. 80–81; *see also Allen v. Amazon.com Servs.*, LLC, No. 2:24-CV-00195-LK, 2025 WL 1663583, at *2 (W.D. Wash. May 5, 2025).

ORDER APPOINTING GUARDIAN AD LITEM - 3

### III.  CONCLUSION

The unopposed petition to appoint a guardian ad litem for J.A. is hereby GRANTED. Mr. Brandon Feldman is APPOINTED as settlement guardian ad litem for J.A. to represent the interests of J.A. in this matter. Mr. Feldman shall discharge his duties and obligations pursuant to applicable law, including Federal Rule of Civil Procedure 17 and Local Civil Rule 17. Mr. Feldman shall be compensated at his normal hourly rate. *See* Dkt. No. 81 at 2.

The Court ORDERS and DIRECTS Mr. Feldman to investigate the matter and prepare a report consistent with Local Civil Rule 17, and to file that report with this Court on or before Friday, August 28, 2026. Plaintiffs' counsel is DIRECTED to serve a copy of this Order on Mr. Feldman and to file proof of such service within seven days of the date of this Order.

Dated this 17th day of July, 2026.

Lauren King
United States District Judge

ORDER APPOINTING GUARDIAN AD LITEM - 4